## Newton's Estate.

*Decedents' estates—Claims against—Set-off—Commissions on sale of real estate.*

Where a claimant owed decedent a specific sum and subsequently gave him (decedent) his (claimant's) personal check to decedent's order for a larger amount as a deposit for the purchase of real estate for his (claimant's) undisclosed principal, and the prospective vendor, represented by decedent, refused to sell the property, the decedent may set-off the money due him from claimant against the deposit and remit the balance.

Exceptions to adjudication.   O. C. Phila. Co., Jan. T., 1927, No. 719.

*Myles Higgins*, for exceptions;   *Wolf, Block, Schorr & Solis-Cohen*, contra.

THOMPSON, J., May 27, 1927.—The Auditing Judge rejected the claim of Donnelly & Company for $787.50 against the estate of the decedent, upon a state of facts as follows:

The decedent was interested, in some manner not indicated by the evidence, in a company known as the Woodbury Terrace Company, which owned a tract of land in Gloucester County, New Jersey.   Donnelly & Company procured a purchaser by the name of Gallagher for certain of the land of the Terrace Company, and gave to the decedent Gallagher's check in the sum of $2000 to the order of the decedent personally on account of the down-money.   At the same time the decedent gave Donnelly & Company his personal check for $787.50 on account of commissions for effecting the sale.   Gallagher's check was returned by the bank, marked "not sufficient funds."   Donnelly then proposed to the decedent that he would resell the lots in question, which subsequently he claimed to have done, and submitted to the decedent an agreement for the Terrace Company to sign, with the name of the purchaser undisclosed, and gave to the decedent his personal check to the order of the decedent for $2000.   The Terrace Company subsequently refused to execute the agreement submitted to the decedent, and the decedent subsequently returned to Donnelly his personal check for $1212.50, retaining the sum of $787.50 admittedly due by Donnelly on the first transaction.   It will be noted that neither the alleged second purchaser nor the Terrace Company are making any claim against the decedent's estate.   The transactions between Donnelly and the decedent were strictly personal, as is shown from the fact that Donnelly gave his personal check to the personal order of the decedent for the down-money on the second transaction, and also received decedent's personal check to his order on account of his commissions in the first transaction, and, therefore, the rights of the alleged second purchaser and the Terrace Company, if any, are not before us, and we make no ruling in respect thereto.   Counsel for Donnelly & Company admit that they owe the decedent the $787.50, but contend that the decedent had no right to deduct this admitted indebtedness from the $2000 down-money paid by claimant to decedent on the second transaction, arguing that the second transaction was between the undisclosed principal of the claimant and the Terrace Company.   This does not necessarily follow. Donnelly, although now claiming that Newton represented the Terrace Company, of which there is no satisfactory evidence, was perfectly satisfied to receive from the decedent his personal check for commissions claimed to be earned on the first transaction, and give his personal check to the order of the decedent for the down-money on the second transaction.   To be consistent, Donnelly should have drawn the second check to the order of the Terrace Company, but he did not do so, showing that he dealt with the decedent personally, and relied on decedent obtaining the signature of the Terrace Com-

pany for whatever papers it was necessary for them to sign. Mutual demands extinguish each other, and when Donnelly & Company's counsel state that they owe the decedent $787.50, they have no legal right to demand that the decedent shall return intact to Donnelly a sum of money represented by the check which Donnelly gave to the decedent in his own name, now averring that it was a payment to the Terrace Company. The decedent had a right to set off against the $2000 paid him personally by Donnelly whatever Donnelly owed him, which Donnelly admits to be $787.50, and the Auditing Judge committed no error in allowing the set-off. The exceptions are dismissed.

Henderson, J., did not sit.